# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

    *Plaintiff*,

**v.**                                         **Case No.  SA-21-CR-00073-JKP**

**(1) ASIA VICTOR TSATENAWA,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Asia Victor Tsatenawa's Motion to Reconsider the Court's Denial of Tsatenawa's Motion to Suppress. *See* ECF No. 81. The Government filed a response, and the Court held a hearing on the motion on August 1, 2023. *See* ECF Nos. 84, 88. For the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

On December 3, 2020, SAPD responded to a call reporting that a black male in a red truck parked at the M&M Food Mart (713 Pine Street, San Antonio, TX, 78203) pulled a gun on a Hispanic male.[1] As the officers pulled up to the red truck, a black male exited the vehicle and ran. *See* Gov. Ex. 1 (Officer Below Body Camera Video #1), at 0:55. Officers pursued the man, but were unable to apprehend him. *Id*.

---

[1] The Incident Detail Report states 'Black Male BLACK HOODIE IN A RED TRUCK PULLED A GUN IN PL TO Hispanic Male WHITE SHIRT." Gov't. Ex. 8 at 2. "Hispanic Male TOOK OFF FROM LOC UNK IF ON FOOT OR IN A VEH . . . Black Male STILL AT LOC . . . UNK INTOX." *Id*. "C DID NOT SEE MALES ARGUING . . . JUST SAW Black Male PULLING GUN ON Hispanic Male" *Id*. "b-male fled from truck . . .b/m fled wb from loc . . .blk hat/beanie . . .grey top." *Id*.

The Officers returned to the M&M Food Mart to secure the truck. *Id*. at 3:20-3:25. Upon returning to the red truck, Officer Below began opening the doors and conducting a search of the front and back seat. *Id*. He found a cell phone under the center console which was not protected by a password. Upon opening the cell phone, Officer Below opened the Facebook app and determined the identity of the black male was Asia Tsatenawa (Defendant), a gang member with a felony record who was known to police. *Id*. During this initial search of the vehicle, several bystanders approached police and identified the truck as belonging to Defendant's brother[2], known as "Pookie." *Id*. A woman approached the officers and gave them the keys to the truck, confirming it belonged to Defendant's brother. *Id*. The woman told Officer Below "it's not his (Defendant's) truck." *Id*. at 10:40-11:10. The woman returned several minutes later and handed Officer Below her phone with "Pookie" on the line who informed Officer Below that he was on his way to the M&M Food Mart to get his truck. *Id*. at 14:05.

Later, Officer Harrison arrived and Officer Below informed him he contacted his superiors and was advised to ticket the car for blocking the sidewalk and have it impounded. Gov. Ex. 2 (Officer Below Body Camera Video #2). As Officer Harrison ticketed the car, Officer Below began an inventory search which is standard procedure for all impounded vehicles. *Id*. During this search, Officer Below discovered a Century Arms International, model RAS47, 7.62x39mm pistol lying on the backseat, within arm's reach of the driver's seat, beneath an article of clothing. *Id*. "Pookie" arrived but was informed that he could no longer take the vehicle with him, as it would be impounded. *Id*. Upon questioning, "Pookie" admitted to giving his brother, the Defendant, the keys to his car the night before. *Id*.

Based on facts he gathered personally, from other law enforcement agencies, and sources of information, Special Agent Chris Beach with the Bureau of Alcohol, Tobacco, Firearms, and

---

[2] Defendant's brother's name is Atseko Salvator Factor. *See* Gov't. Ex.8 (Incident Detail Report).

Explosives, submitted an affidavit in support of an arrest warrant pursuant to 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. *See* Beach Aff. (ECF No. 3, Criminal Complaint). On December 8, 2020, SAPD detectives located and arrested the Defendant at an apartment complex at 11500 Huebner Road in San Antonio. *See* Gov't. Ex. 3 (Search Warrant for 11500 Huebner Rd. Apt. 2007). Officers observed Defendant leave an apartment with a juvenile and enter his car. *Id*. Officers approached the Defendant, who attempted to flee, but ultimately arrested him, handcuffed him, and placed him in the back of a police car. Officers searched the Defendant and his car pursuant to the arrest, finding 13.6 grams of marijuana and 28.6 grams of cocaine. *Id*. Additionally, Officers used the apartment key to enter and perform a protective sweep. *Id*. Detective Gilbert Guerra read the Defendant his *Miranda* rights and proceeded to question him regarding the apartment he just left. *See* Gov't. Ex. 5 (Gilbert Guerra Body Camera Video). During this conversation, Defendant told the detective the name and location of his cocaine dealer. *Id*.

Using these facts and the Defendant's criminal history, Detective Jerred Moeller obtained a search warrant for Apartment 2007. *See* Gov. Ex. 3 (Search Warrant for 11500 Huebner Rd. Apt. 2007). Prior to execution of the search warrant, the Defendant received a second *Miranda* warning, and chose to cooperate fully in the search. *See* Gov. Ex. 6 (Dustin Kilpatrick Body Camera Video), at 2:52:32. Detectives found two pistols, 261 grams of cocaine, 33.4 grams of crack cocaine, 425 grams of marijuana, 39 grams of pills, and 5 digital scales. *See* Gov. Ex. 7 (Detective Moeller Report). Defendant was charged with Possession with Intent to Distribute Cocaine and Crack Cocaine, Felon in Possession of a Firearm, and Possession of a Firearm in Furtherance of Drug Trafficking. The initial charge of Felon in Possession of a Firearm was later dismissed by this Court. *See* ECF. No. 59.

Tsatenawa filed a Motion to Suppress challenging the warrantless seizure of the pistol from the truck, the arrest warrant, the search warrant for his apartment, and his post-*Miranda* statements. *See* ECF No. 57. The Court denied the motion. *See* ECF No. 74. In the instant motion, Tsatenawa asks the Court to reconsider its earlier ruling. *See* ECF No. 81.

## BURDEN OF PROOF

### I.     Motion to Suppress

The Fourth Amendment protects against unlawful searches and seizures by requiring law enforcement to obtain a warrant for arrest and search. U.S. Const. amend. IV. Courts suppress evidence obtained from an unlawful search or seizure under the fruit-of-the-poisonous-tree doctrine. *See Brown v. Illinois*, 422 U.S. 590, 602–03 (1975). Because the initial searches[3] in this case were done without a warrant, the Government bears the burden to prove by a preponderance of the evidence that the searches were lawful. *United States v. Ross*, 456 U.S. 798, 807–08 (1982). Standing to challenge the validity of a search is established by showing a "legitimate expectation of privacy" in the area or item searched. *United States v. Powell*, 732 F.3d 361, 374 (5th Cir. 2013). "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978).

### II.     Motion to Reconsider

Motions to reconsider in criminal cases are judicial creations not derived from a statute or rule. *See United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995). While motions to reconsider do not appear in the Federal Rules of Criminal Procedure, the Fifth Circuit has held that such motions are a "recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991). Motions for reconsideration in criminal cases "serve the narrow

---

[3] The initial search after officers returned to the M&M Food Mart and the "inventory search."

purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Salinas*, 665 F.Supp.2d 717, 720 (W.D. Tex. 2009) (citation omitted). "Motions for reconsideration should not be used … to re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009).

## DISCUSSION

In its ruling denying Tsatenawa's Motion to Suppress, the Court found the officers' warrantless search of the red truck, and subsequent seizure of the pistol, was lawful because Tsatenawa had no reasonable expectation of privacy in the red truck. *See* ECF No. 74 at 4. Specifically, the Court found Tsatenawa lost any privacy interest he may have had in the truck when he abandoned it and fled the scene. *Id*. (citing *United States v. Barlow*, 17 F.3d 85, 88 (5th Cir. 1994)). The Court further found the arrest warrant is valid because Agent Beach, who prepared the arrest warrant affidavit, reasonably relied on statements made by Officer Below, and the good-faith exception applies to the officers who executed the arrest warrant. *See* ECF No. 74 at 9 (citing *United States v. Wake*, 948 F.2d 1422, 1428–29 (5th Cir. 1991)). The Court also found the good-faith exception applies to the search warrant, because Detective Moeller's search warrant affidavit provided sufficient evidence to establish probable cause and the executing officers, therefore, reasonably relied on the warrant. *Id*. at 10 (citing *United States v. Leon*, 468 U.S. 897, 922–23 (1984)). Finally, the Court found Tsatenawa's post-*Miranda* statements are admissible because he gave them voluntarily. *Id*. at 12 (citing *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005)).

In the instant motion, Tsatenawa urges the Court to reconsider its denial of his Motion to Suppress on three grounds: (1) the arrest warrant, excised of misinformation, lacked sufficient

evidence to establish probable cause; (2) officers lacked reasonable suspicion to seize the pistol from the red truck; and (3) officers' protective sweep of Tsatenawa's apartment was unlawful. Tsatenawa offers no new evidence to support his motion, but instead provides additional authority for the Court's consideration. As an initial matter, the Court will not allow Tsatenawa to re-urge matters already advanced. *Nationalist Movement v. Town of Jena*, 321 F.App'x at 364. The Court, therefore, identifies and disregards arguments in the Motion to Reconsider that were already advanced in the Motion to Suppress. Each of Tsatenawa's arguments is discussed below.

## I.      Arrest Warrant

Tsatenawa argues a Fourth Amendment violation occurred in this case because Agent Beach's arrest warrant affidavit contained misrepresentations. *See Franks v. Delaware*, 483 U.S. 154 (1978). In its response brief, the Government correctly identifies this argument as an improper attempt to rehash arguments the Court previously rejected. In its prior order, the Court found that, under the holding of *U.S. v. Wake*, "*Franks* only applies when the actual affiant asserts the misrepresentations, not when the affiant reasonably relies on misrepresentations asserted by another." *See* ECF No. 74 at 9 (citing *United States v. Wake*, 948 F.2d 1422, 1428–29 (5th Cir. 1991). Here, Agent Beach, the affiant, reasonably relied on statements in Officer Below's report, some of which were inaccurate. *Id*. at 8. The Court found that because Agent Beach reasonably relied on Officer Below's misstatements, the *Franks* analysis did not apply. *Id*. at 9. Nothing in Tsatenawa's most recent motion calls that finding into question.

During the motion hearing, Defense counsel provided four new cases for the Court's consideration: *United States v. Vasey*, 834 F.2d 782 (9th Cir. 1987); *United States v. Cortina*, 630 F.2d 1207 (7th Cir. 1980); *United States v. Calisto*, 838 F.2d 711 (3rd Cir. 1988); and *United States v. Coplon*, 185 F.2d 629 (2nd Cir. 1950). Defense counsel submitted these cases

for the premise that an affiant's reliance on the misstatements of another cannot not be used to insulate falsehoods. Before having an opportunity to review the cases, the Government noted these out-of-circuit cases cannot overcome the controlling Fifth Circuit precedent upon which this Court relied in its earlier decision. *See United States v. Wake*, 948 F.2d 1422 (5th Cir. 1991). That being said, the Court reviewed the cases offered by the Defense and finds they are not even persuasive authority because they are factually distinguishable from the case at bar. The Court, therefore, denies Tsatenawa's motion to reconsider its ruling as to the arrest warrant.

## II.     Seizure of the Pistol

Tsatenawa further argues officers lacked reasonable suspicion to justify the seizure of the pistol from the red truck. In so doing, he relies on caselaw analyzing the propriety of seizure of a person, not property. Those cases are distinguishable from the case at bar because Tsatenawa was not seized, he fled. Courts find "no seizure where the subject does not submit to a show of police authority; in that circumstance, the person is not seized until he is successfully stopped." *United States v. Ferguson*, 816 F.App'x 991, 993 (5th Cir. 2020). Here, officers pursued Tsatenawa but were unable to apprehend him. Furthermore, as the Court previously found, Tsatenawa abandoned any property interest he may have had in the truck and its contents when he fled the scene. *See* ECF No. 74 at 4–7. The Court, therefore, denies Tsatenawa's motion to reconsider on this point.

## III.    Protective Sweep

Tsatenawa challenges the protective sweep of the apartment following his arrest as a warrantless search; however, the evidence shows no search occurred. According to the search warrant affidavit, officers "conducted a sweep of the apartment to remove any additional occupants and prevent the destruction of narcotics evidence." *See* Gov't. Ex. 3. The sweep was

intended to preserve, not collect evidence. Indeed, nothing in the search warrant affidavit suggests evidence was collected during the protective sweep. After the sweep, Detective Moeller obtained a search warrant and officers searched the apartment pursuant to the warrant. The Court previously held the search warrant was valid and it will not allow Tsatenawa to re-urge matters already advanced. *Nationalist Movement v. Town of Jena*, 321 F.App'x at 364. The Court, therefore, finds the officers' protective sweep of the apartment was not a search and the apartment search was lawful because it was conducted pursuant to a valid warrant.

## CONCLUSION

For the reasons set forth above, Tsatenawa's Motion to Reconsider (ECF No. 81) is **DENIED**.

It is so ORDERED.
SIGNED this 8th day of August, 2023.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE