```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                 SAN ANTONIO DIVISION

 3   UNITED STATES OF AMERICA      )   CASE NO:  5:21-C-00073-JKP-1
                                   )
 4   vs.                           )   San Antonio, Texas
                                   )
 5   ASIA VICTOR TSATENAWA         )   August 30, 2023
                                   )
 6   _____)

 7                          PLEA
            BEFORE THE HONORABLE JASON K. PULLIAM
 8             WESTERN DISTRICT FEDERAL JUDGE

 9   A P P E A R A N C E S:

10

11   FOR THE GOVERNMENT: MR. BRIAN NOWINSKI
                         United States Attorney's Office
12                       601 N.W. Loop 410, Suite 600
                         San Antonio, TX   78216
13

14
     FOR THE DEFENDANT:  MR. MICHAEL CLARK GROSS
15                       FEDERAL PUBLIC DEFENDER
                         727 E. Cesar E. Chavez Blvd.
16                       San Antonio, TX   78206

17

18   COURT REPORTER:     Letitia "Tish" Moncivais

19

20

21

22

23

24       Proceedings reported by mechanical shorthand recording;

25   transcript produced by computer-aided transcription.
```

1   *(The oath was administered)*

2          THE COURT:  All right.  The Court is going to take up

3   21-CR-73, United States vs Asia Tsatenawa.

4      May I please have announcements for the record.

5          MR. NOWINSKI:  Brian Nowinski for the United States.

6          MR. GROSS:  Good morning, Your Honor.  Michael Gross

7   for Mr. Tsatenawa.  We're ready.

8          THE COURT:  Good morning.  And the courtroom deputy

9   has administered the oath, so we can proceed.

10      And, Mr. Gross, do you have any doubt as to your client's

11   competence to enter a guilty plea at this time?

12          MR. GROSS:  No, sir.

13          THE COURT:  And for Mr. Tsatenawa, do you suffer from

14   any mental or psychological condition or do you take any drugs

15   or medication that might interfere with your ability to

16   understand what you're doing today?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  Okay.  Can you speak up just a little bit

19   or pull the microphone closer.

20          THE DEFENDANT:  No, sir.

21          THE COURT:  Okay.  Perfect.  Thank you.

22      Before accepting your guilty plea, there are some rights I

23   must advise you of and certain questions I need to ask you.  If

24   you don't understand these rights or questions or at any time

25   you need to speak with your attorney, please let me know.

1        What you can't do is come back later and say that you

2   didn't understand or that someone told you how to answer these

3   questions.  If you feel like you're being forced into pleading

4   guilty, please let me know.

5        If any statement you make during this hearing is untrue,

6   the Government has the right to separately prosecute you for

7   perjury or making a false statement.  Do you understand that?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  Okay.  It's my understanding that you

10  desire to plead guilty today to Counts Two and Five of the

11  indictment; is that correct?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Okay.  In Count Two you are charged with

14  possession with intent to distribute a detectable amount of

15  cocaine in violation of Title 21 of the United States Code

16  Section 841; and then Count Five, you are charged with

17  possession of a firearm in furtherance of a drug trafficking

18  crime in violation of Title 18 of the United States Code

19  Section 924(c); is that correct?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Did you receive a copy of the indictment

22  that was filed against you?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  Did you read the indictment and discuss

25  with your attorney the charges to which you are pleading

1    guilty?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  I think we also had a Government's notice

4    of demand of forfeiture contained within the indictment; is

5    that correct?

6              MR. NOWINSKI:  Yes, Your Honor.

7              THE COURT:  Mr. Tsatenawa, are you aware of the

8    Government's attempt to forfeit certain items in this case?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Okay.  Those items should be listed in

11   the back portion of your indictment.  Do you see those items

12   listed there?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Okay.  Very well.

15        Do you understand the charges against you?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Do you need to talk with your lawyer for

18   a second?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Okay.  Please do.  Just make sure the

21   microphone is off.

22        *(Discussion off the record)*

23             THE COURT:  So, Your Honor, on the 924(c),

24   Mr. Tsatenawa just wanted to clarify that -- well, so you'll

25   recall the motion to suppress, Your Honor.  I know the drugs in

1    the apartment, the pistol in the closet with clothes and the

2    bedroom, Mr. Tsatenawa just wanted to clarify that he wasn't

3    using it in furtherance of the drug, but he did possess it in

4    the area around the drugs.  And so -- and I've spoken to the

5    prosecutor about this.

6         Mr. Tsatenawa had keyed in on some case law that said --

7    and this was before Congress changed 924(c), where it said if

8    you just possess it, that's not enough.  It has to be use.  And

9    so we just wanted to clarify and further plead today, Your

10   Honor, that the 924(c) was for possession, not for use in

11   furtherance.  That's just what Mr. Tsatenawa wanted to clarify

12   today.

13              THE COURT:  Okay.  And the charge is possession of a

14   firearm in furtherance of a drug trafficking crime, but I'll

15   hear comment from the AUSA.

16              MR. NOWINSKI:  Your Honor, I mean, as long as defense

17   is willing to admit that, then I think this plea can go

18   forward, and I think the factual basis, as long as he admits to

19   that, covers the elements of the crime.  And it does not allege

20   that he used it during or in relation to a drug trafficking

21   crime.

22              THE COURT:  Correct.  And I'm looking at the factual

23   basis on page 3 of the plea agreement and it outlines

24   possession of the Beretta model PX 4, Storm 9 mm pistol, and

25   then there was a stolen Smith and Wesson 9 mm pistol as well.

1    And those items were possessed.  I don't think there's any

2    dispute about that, right?

3              THE DEFENDANT:  No, sir.

4              MR. GROSS:  That's correct, Your Honor.  I just

5    wanted to clarify that today.

6              THE COURT:  Sure.

7              MR. GROSS:  That was the main concern Mr. Tsatenawa

8    had on the plea today.

9              THE COURT:  Understood.  So I'm going to reask my

10   question.

11        Do you understand the charges against You?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Okay.  And are you fully satisfied with

14   your attorney's representation of you in this matter?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Are you sure?  You don't have to be --

17   feel intimated just because you're in this courtroom, and you

18   might feel nervous.  There are no right or wrong answers.

19   There is only the truth.  And so if -- do you feel like you've

20   received satisfactory representation from your lawyer in this

21   case?

22             THE DEFENDANT:  To a certain degree, yes, sir, I do.

23             THE COURT:  Okay.  What does that mean?

24             THE DEFENDANT:  That means -- well, I brought to my

25   attorney's attention that, like, I told him before and I wanted

1    to address the Court, that, yes, I know I am guilty of

2    possession of a firearm and -- because I did have care, custody

3    and control over the domain.  But I didn't have actual -- well,

4    I had constructive possession.  I'm guilty.  I'm 100 percent

5    guilty of that.  But I didn't use it.  I didn't -- I didn't

6    possess the firearm to further any drug trafficking crime.  And

7    I was trying to -- I was discussing that with my attorney, and

8    I don't want to -- I'm not trying to antagonize the Court or

9    make anybody not -- I really don't -- I don't know how to go

10   about this.  You know what I mean?  I really don't know what to

11   do at this point.  And I really just want to -- I want to plead

12   guilty and get it over with, like, get this part of my life

13   over with.

14        But I understand that my main concern is that the First

15   Step Act doesn't apply to me due to that -- that element of the

16   charge, that I can't -- I can't do nothing.  Like, I can't

17   program or do anything like that to help me -- help me in my

18   situation and I don't -- I know I didn't -- I didn't -- I

19   didn't use the gun or I didn't possess the gun to further the

20   drug trafficking crime.  But I do want to plead guilty today to

21   my role in this crime, Your Honor.

22            THE COURT:  Do you want -- let me have you talk with

23   your attorney for a moment, because it sounds like that's an

24   inconsistent statement and it may cause a problem with me --

25   for me in accepting your plea.

1      I'm not mad at you, you don't have to worry about

2   antagonizing me.  My role here is to make sure you understand

3   your rights, you understand the rights that you give up in

4   connection with entering a guilty plea to Counts Two and Five.

5   But there's sufficient factual basis for your plea to both of

6   those counts, and that you do so -- that you're pleading guilty

7   truly and voluntarily and because you want to plead guilty.  So

8   why don't you talk with your attorney about those matters you

9   just addressed to the Court.

10      *(Discussion off the record)*

11          THE COURT:  Okay.  So I'm just going to pick up where

12   I think we left off.  Were you satisfied with the services

13   provided by your attorney, and then you started talking about

14   your comfort level or lack of comfort in going forward with the

15   plea, mainly in relation to the possession of a firearm in

16   furtherance of a drug trafficking crime and potential

17   consequences of the First Step Act, which I can't give you

18   advice on, your attorney only can.  But I think that's where we

19   were.  And just let me know, do you still want to go forward

20   with the plea today and enter pleas of guilty to the Counts Two

21   and Five?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Okay.  And based on your conversations

24   with your attorney -- and please don't tell me what you

25   discussed with your attorney, those are privileged

1    conversations -- are you satisfied with the advice you have

2    received from your attorney?

3                    THE DEFENDANT:  Yes, Your Honor.

4                    THE COURT:  Okay.  All right.

5          The written plea agreement has been filed which was signed

6    by you, your attorney and counsel for the Government.  Have you

7    had an opportunity to read the plea agreement and discuss it

8    with your attorney before you signed it?

9                    THE DEFENDANT:  Yes, Your Honor.

10                    THE COURT:  All right.  And do you understand the

11    terms of the plea agreement?

12                    THE DEFENDANT:  Yes, Your Honor.

13                    THE COURT:  All right.  And do you agree to the terms

14    of the plea agreement?

15                    THE DEFENDANT:  Yes, Your Honor.

16                    THE COURT:  All right.  Under the constitution and

17    laws of the United States, you have the right to plead not

18    guilty to any offense charged against you and to persist in

19    that plea.  Doing that would mean you have the right to a

20    speedy and public jury trial.  At trial, you would be presumed

21    innocent and the Government would have the requirement to prove

22    your guilt beyond a reasonable doubt.

23          You would have the right to assistance of counsel for your

24    defense appointed by the Court, if necessary, at trial, and

25    every other stage of the proceeding.  You would have the right

1    to confront and cross-examine Government witnesses in your

2    defense.  You would have the right to remain silent at trial

3    and you are not required to present any evidence at trial.  And

4    if you exercise these rights, these facts could not be held

5    against you.  You would have the right to compulsory process of

6    court.  You have the right to a unanimous guilty verdict.  You

7    have the right to appeal a guilty verdict.  But if you plead

8    guilty, you will give up your right to a trial, the other

9    rights I've just discussed, and any defenses that you may have

10    to the charges to which you are pleading guilty and then I will

11    sentence you after I consider a presentence report prepared by

12    the probation department.

13        Do you understand and agree to waive or give up the rights

14    that I've just discussed, including a right to a trial of the

15    charges to which you are pleading guilty?

16            THE DEFENDANT:  Yes, Your Honor.

17            THE COURT:  Okay.  The penalties you face for Count

18    Two are as follows:  A maximum term of imprisonment of 20

19    years, a maximum term of supervised release of three years, a

20    fine not to exceed $1 million, a $100 mandatory special

21    assessment and forfeit as outlined in your plea agreement.

22        The penalties you face for Count Five are as follows:  A

23    maximum term of supervised release of life, a mandatory minimum

24    term of five years imprisonment consecutive to Count Two, a

25    maximum term of supervised release -- excuse me, a mandatory

1  minimum term of supervised release of five years -- I got that

2  wrong.  Excuse me.  I'm going to start from the top since I

3  said at incorrectly.

4       A maximum term of supervised release of life.  And you can

5  turn to page 2 of your plea agreement and you can see exactly

6  what I'm referring to.

7            MR. NOWINSKI:  Your Honor, I believe you started the

8  maximum prison term of life.

9            THE COURT:  I know.  Right.  That's why I turned to

10  the plea agreement myself.  I got myself a little

11  discombobulated.  So I'm going to turn to the plea agreement

12  myself so we're all on the same page.

13       A maximum prison term of life, a mandatory minimum term of

14  prison of five years consecutive to Count Two, a maximum term

15  of supervised release of five years, a maximum fine of

16  $250,000, a monetary assessment of $100, and forfeiture as set

17  forth in your plea agreement.

18       Do you understand the consequences of both of the charges

19  in this case?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  Okay.  Are you a citizen of the -- yes,

22  sir?

23            MR. GROSS:  I'm sorry to interrupt.  I missed this.

24  But it looked like on the plea agreement, Your Honor, it says

25  regarding Count Five, five years consecutive to Count Three.

1          THE COURT:  I know.  I saw that.

2          MR. NOWINSKI:  That's correct.  It should be Count

3     Two, Your Honor.

4          THE COURT:  Correct.  That's why I read it as Count

5     Two, even though it says Three.  I know.  I caught that.

6     Are you a citizen of the United States, Mr. Tsatenawa?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Okay.  Very well.

9     I will impose a sentence after considering guidelines

10    established by the United States Sentencing Commission, a range

11    of punishment will be determined considering such things as the

12    nature and circumstances of the offense, your conduct in this

13    case, and any past criminal history.

14    The sentencing guidelines, however, are only advisory and

15    I am not required to sentence you within the applicable

16    guideline range.  I can sentence you to any reasonable term

17    between the minimum and maximum statutory penalties.  Do you

18    understand that?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Okay.  If you turn to page 1 of your plea

21    agreement, it states:  As result of your guilty plea, the

22    Government will move to dismiss the remaining charges against

23    you upon imposition of your sentence, and the Government will

24    not seek additional charges against you for the conduct giving

25    rise to your charges.  Do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Okay.  Also as part of your plea

3    agreement, you are generally giving up your right to appeal and

4    contest the sentence.  But on page 1 of your plea agreement, it

5    states -- and I'm just going to read it verbatim -- pursuant to

6    Federal Rule of Criminal Procedure 11(a)(2), defendant reserves

7    the right to appeal, from the judgment, solely for the purpose

8    of obtaining appellate court review of the Court's August 24th,

9    2022, order denying his motion to suppress.

10         So do you understand that generally you're giving up your

11   right to appeal, but you do get the right to appeal.  You have

12   carved out your ability to appeal my ruling on your motion to

13   suppress?

14         THE DEFENDANT:  Yes, sir.

15         MR. NOWINSKI:  And, Your Honor, just so the record is

16   clear, we also had it in the Court's August 1st, 2023, order,

17   which denied his motion for reconsideration.

18         THE COURT:  For reconsideration.  Right.  I kind of

19   grouped them together.  But to clarify, there were two orders.

20   There was one on August 24th, 2022, and then another order on

21   August 1st, 2023, on a motion to reconsideration.

22         MR. GROSS:  Actually, it was August 8th, Your Honor,

23   instead of August 1st.

24         THE COURT:  Okay.  Do we need to make that change on

25   the plea agreement?

1          MR. GROSS:  I think we can just do it on the record.

2          MR. NOWINSKI:  I think on the record is fine, Your

3    Honor.

4          THE COURT:  Okay.  So the plea agreement states

5    August 1st, 2023, for the second order.  The parties have

6    informed me that it should, in fact, be August 8th.  So without

7    making an additional pen and ink change, the Court is going to

8    state here on the record, with the agreement of the parties,

9    that the date of the second order is, in fact, August 8th,

10   2023; is that correct?

11         MR. GROSS:  Yes, Your Honor.

12         THE COURT:  Okay.  Mr. Tsatenawa, do you understand

13   your ability to appeal both the August 24, 2022, order and the

14   August 8, 2023, order?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Okay.  Very well.

17      All right.  For Count Two that you're pleading guilty to,

18   a term of supervised release of three years could be assessed.

19   And for Count Five, a term of supervised release of five years

20   could be assessed.

21      Supervised release is served after completing an initial

22   term of confinement.  Under Federal Law, multiple terms of

23   supervised release are served concurrently or at the very same

24   time.

25      While on supervised release, you will be required to

comply with various conditions.  Failure to comply with any of the conditions could result in revocation of supervised release and the imposition of an additional term of confinement.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  How do you wish to plead to Counts Two and Five of the indictment, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are you pleading guilty freely and voluntarily and with full knowledge of the consequences?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has anyone coerced or forced you in any way to plead guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Has anyone made any promise to you that caused you to plead guilty?  For example, has anyone promised you what your sentence might be in this case in exchange for your plea of guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay.  As part of a plea agreement, the Government may agree to make certain recommendations or to not oppose certain matters at sentencing.  For example, on page 7

1   of your agreement, the Government has agreed that it will not

2   oppose you receiving the maximum applicable downward adjustment

3   under the sentencing guidelines for acceptance of

4   responsibility as long as you comply with the terms of the plea

5   agreement and you continue to accept responsibility.

6       You should understand that any estimate of the probable

7   sentence or advisory sentencing range is not a promise, and it

8   is not binding on the Court.  And any recommendation that may

9   be provided by your attorney, the Government's counsel or a

10  probation officer is not binding on the Court and you will not

11  be permitted to withdraw your guilty plea if the Court declines

12  to follow any recommendation or if the Court imposes a sentence

13  greater than you might expect.  Do you understand that?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Okay.  As part of your plea agreement, in

16  terms of forfeiture, you expressly agree to voluntarily forfeit

17  to the United States all rights, title and interest in

18  properties listed in the notice of the government's demand for

19  forfeiture that we discussed earlier, and those matters are

20  outlined in your indictment.  Do you understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Okay.  The specific items, I believe, are

23  listed on pages 7 and 8 of your plea agreement.  And if you

24  want to turn to look at those items, you can do so.

25          THE DEFENDANT:  Your Honor, can I ask my attorney --

```
1          THE COURT:  You can have a conversation with your
2    attorney, of course you can.
3          (Discussion off the record)
4          THE COURT:  Do you have any -- do you have any
5    questions about the items that are subject to forfeiture based
6    upon the Government's demand for forfeiture?
7          THE DEFENDANT:  No, sir.
8          THE COURT:  All right, sir.  I'm going to turn to
9    Government's counsel now and he's going to articulate the legal
10   elements of both offenses that you're pleading guilty to.
11         MR. NOWINSKI:  Yes, Your Honor.  For Count Two, the
12   elements are, first, that the defendant knowingly possessed a
13   controlled substance; second, that the substance was cocaine;
14   and, third, that the defendant possessed the cocaine with the
15   intent to distribute it.
16         For Count Five, the elements are, first, that the
17   defendant committed the drug trafficking crime alleged in Count
18   Two; and, second, that the defendant knowingly possessed a
19   firearm in furtherance of his commission of that crime.
20         THE COURT:  Okay.  Thank you very much.
21         And, Mr. Tsatenawa, do you understand the legal elements
22   of the offenses to which you are pleading guilty?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  Okay.  The factual basis for the offenses
25   that you're pleading guilty to, those matters, those facts are
```

1    set forth on pages 3 and 4 of your plea agreement.  Have you

2    had an opportunity to read or review the factual basis

3    contained in the plea agreement?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  And do you agree with the facts as they

6    are set forth in the factual basis of the plea agreement?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Okay.  Before you could be found guilty

9    at trial, the Government would be required to prove the facts

10   and the factual basis and establish beyond a reasonable doubt

11   each of the legal elements in Counts Two and Five of the

12   indictment that have been explained to you.  Do you understand

13   that?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Okay.  Now that the legal elements of the

16   charges have been explained and the factual basis for each

17   charge has been provided in your plea agreement, do you have

18   any questions about the charges against you or the factual

19   basis supporting those charges?

20             THE DEFENDANT:  Can I have a second?

21             THE COURT:  You may talk with your attorney, of

22   course.

23        *(Discussion off the record)*

24             THE COURT:  Okay.  You've had an opportunity to speak

25   with your attorney again.  Are you ready to move forward, and

1    if you are, do you still wish to plead guilty to Counts Two and

2    Five of the indictment?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Okay.  Is there anything that we've

5    talked about today that you just don't understand?  I mean,

6    you've had several opportunities to talk with counsel, and so I

7    just want to make sure that you understand the process, and if

8    you have any other questions that you need counsel to answer,

9    this is the time to do so.

10             THE DEFENDANT:  I understand, Your Honor.

11             THE COURT:  Okay.  So you're ready to proceed?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Okay.  Does the Government feel that any

14   further admonishment needs to be made?

15             MR. NOWINSKI:  No, Your Honor.

16             THE COURT:  Okay.  The Court finds that the

17   defendant --

18             MR. GROSS:  I'm so sorry, Your Honor.

19             THE COURT:  Yes.  Go ahead.

20             MR. GROSS:  Just to be clear on the record, if we

21   could go over the bottom of page 4 of the pretrial agreement.

22             THE COURT:  Sure.

23             MR. GROSS:  Only because Mr. Tsatenawa had initialed

24   the bottom right corner with some question marks, and I just

25   want to be fair on the record here that the reason

1   Mr. Tsatenawa underlined the defendant agrees to give up all

2   claims, the defendant has made or might have made by pretrial

3   motion and dismissal and any current pending motions, the only

4   reason he underlined those with questions mark is he just

5   wanted to make sure that I made clear on the record he still

6   has that conditional right to appeal the denied motion to

7   suppress.  And it's also, Your Honor, why he underlined and

8   initialed with question marks in the middle of page 5 that

9   exact same language that you can see there.

10        And, also, on the top of page 6, where he underlined it,

11  he just wanted me to clarify on the record, as you've already

12  done, Judge, but I just want to be careful about it that he

13  does have the right to appeal the denied motion to suppress.

14             THE COURT:  Right.

15        Mr. Tsatenawa, so when I was discussing with you that you

16  are generally giving up your right to appeal and contest your

17  sentence, I was talking about the language that you underlined

18  in these specific provisions that you highlighted that your

19  attorney just addressed, but that you have a carve out, an

20  exception to that language, which is expressed on page 1 of the

21  plea agreement, which specifically allows you to challenge on

22  appeal my rulings with regard to the motion to suppress.  Does

23  that make sense and do you understand that?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  So the other language that you underlined

1    is general language that contained in most plea agreements.

2    But then you have this language that allows your plea to be

3    considered a conditional plea and you have the ability to

4    contest on appeal those rulings with regard to your motion to

5    suppress.  Does that make sense?

6         THE DEFENDANT:  Yes, Your Honor, I understand.

7         THE COURT:  All right.  The Court finds that the

8    defendant -- is that fine, Mr. Gross?  Did I clarify that?

9         MR. GROSS:  Yes, Judge.  Thank you.

10        THE COURT:  The Count finds the defendant is

11   competent to stand trial; that he fully understands the nature

12   of the charges and the penalties he faces.  He understands his

13   constitutional and statutory rights and desires to waive them.

14        The Court finds that the defendant's plea has been made

15   freely, knowingly, and voluntarily and that there's a factual

16   basis for his plea.

17        The Court will accept the defendant's guilty plea and a

18   judgment of guilt will be entered against the defendant for

19   Counts Two and Five of the indictment.

20        The case will now be referred to the probation department

21   to prepare a presentence report, and sentencing in

22   Mr. Tsatenawa's case will be set for December 13, 2023, at

23   10 a.m.

24        Are there any other matters we need to take up before we

25   conclude?

1          MR. NOWINSKI:  No, Your Honor.

2          MR. GROSS:  No, sir.  Thank you.

3          THE COURT:  All right.  Thank you very much.  Y'all

4     are excused.

5       *(End of proceedings at 11:02 a.m.)*

-oOo-

I certify that the foregoing is a correct transcript from the reported proceedings in the above-entitled matter.

On this the 31st day of December, 2023.


_*/s/ Letitia "Tish" Moncivais*_
Letitia "Tish" Moncivais, CSR, RPR
tish_moncivais@txwd.uscourts.gov