UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

ASIA TSATENAWA                                    UNITED STATES OF AMERICA
DEFENDANT-APPELLANT         V.                    PLAINTIFF - APPELLEE

APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION
DISTRICT COURT NO. 5:21-CR-00073-1 JKP

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ASIA TSATENAWA, THE DEFENDANT IN THE ABOVE STYLED AND NUMBERED CAUSE, AND SUBMITS THIS MOTION TO APPEAL A DECISION OF THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF TEXAS, IN WHICH HE WAS CONVICTED, CHALLENGING THE SUFFICIENCY OF THE FACTUAL BASES OF HIS CONVICTIONS, FOR A VIOLATION OF 18 USCS 924(c)(1) USE OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME. THERE WAS NEVER ANY EVIDENCE PRESENTED THAT THE DEFENDANT USED OR POSSESSED THE FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME.

ON AUGUST 30, 2023 THE DEFENDANT, WHILE ACCEPTING HIS GUILTY PLEA ELOCUTED FOR THE RECORD THAT HE DID NOT USE OR POSSESS ANY FIREARM IN FURTHERANCE OF THE DRUG TRAFFICKING CRIME. THE DEFENDANT STATED THAT HE DID NOT HAVE ACTUAL POSSESSION BUT WAS GUILTY OF CONSTRUCTIVE POSSESSION. THE DEFENDANTS ATTORNEY MADE IT CLEAR TO THE COURT THAT THE DEFENDANT MERELY POSSESSED THE FIREARM BUT DID NOT USE IT IN FURTHERANCE. THE DEFENDANT WAS SPECIFIC WHEN DENYING CRITICAL ELEMENTS OF THE CHARGE AND EXPRESSED TO THE COURT THAT HE DID NOT KNOW WHAT TO DO AT THAT POINT BECAUSE HE WAS NOT TRYING TO ANTAGONIZE THE COURT. THE DEFENDANT STATED THAT HE WANTED TO PLEAD GUILTY TO HIS ROLE IN THE CRIME WHICH WAS CONSTRUCTIVE POSSESSION OF THE FIREARM. THE DISTRICT JUDGE PROCEEDED WITH THE GUILTY PLEA IN FAVOR OF THE PROSECUTION AND NOT WHAT THE DEFENDANT STATED HE WAS GUILTY OF. THE DEFENDANT WAS NEVER AFFORDED COLLOQUIES BY THE JUDGE.

THE DEFENDANTS CONVICTION UNDER 924(c)(1) SHOULD BE VACATED BECAUSE OF TSATENAWAS' ADMISSIONS REGARDING THE GUN DURING HIS PLEA ALLOCUTIONS.

They indicate denial of Tsatenawa's possession of the pistol in furtherance of drug trafficking and cannot be accepted as a guilty plea of that charge. Count five of the defendant's indictment states Tsatenawa did "knowingly" use and carry a firearm, to wit: a Beretta, model PX4 Storm, 9mm pistol, and a Smith & Wesson, model SW9VE, 9mm pistol, during and in relation to, and did possess said firearm in furtherance of, a drug trafficking crime. The possession of the firearm existed only by virtue and not actual possession. The two cannot be construed. The firearm was not an operative factor in relation to the predicate offense and did not further, advance, or help to move forward any drug trafficking crime. Although the defendant did commit a drug offense there was no evidence to indicate that ~~possession~~ there was trafficking or a trafficking investigation. The defendant's guilty plea lacked a factual basis because neither the "evidence" nor the "the plea allocution" showed a connection between the firearms in the closet or any drug trafficking. The record is devoid of any evidence that Tsatenawa carried any weapon. Tsatenawa appeared to understand possession unrelated to his drug offense — constructive possession — as the punishable offense.

In *United States v. Palmer*, 456 F.3d 484 (5th Cir. 2006) it states that a denial of a critical element of a charge cannot constitute a guilty plea. See *McCarthy v. United States*, 394 U.S. 459, 461, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The substance of a guilty plea has a special character. The plea is "more than a mere confession; it is an admission that the defendant committed the charged offense." *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). The United States Court of Appeals for the Fifth Circuit considers plea colloquies "solemn declaration in open court" which "carry a presumption of verity." *United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002) (quoting *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)). Its willingness to accept plea agreements and colloquies as the factual bases for convictions demands a corollary respect for the integrity of their contents. The question is not one of the district court's belief of credibility but the plea words themselves. A "plain" error is one of

which is clear under current law. Russell v. Plano Bank & Trustee, 130 F.3d 715, 722 (5th Cir. 1997). A district court's acceptance of a denial of guilt as a guilty plea runs contrary to the understanding the U.S. Court of Appeals for the Fifth Circuit demands in defendants of the charges against them. "A defendant must possess an understanding of the law in relation to the facts." United States v. Guichard, 779 F.2d 1139, 1144 (5th Cir. 1986) For an error to affect substantial rights, "the defendant must show that the error 'affected the outcome of the district court proceedings.'" Harris, 434 F.3d at 774 (quoting Mares, 402 F.3d at 521)) The defendant must show a "probability" sufficient to undermine confidence in the outcome." The error here led to Tsatenawa's conviction on a charge otherwise inapplicable, and it added 60 months to his sentence, affecting Tsatenawa's substantial rights. 18 USCS 924(c)(1)(A) provides an additional penalty for the possession of a firearm in furtherance of a drug trafficking crime. The U.S. Court of Appeals for the Fifth Circuit, examining the statutory language and the legislative history underlying it, has concluded that, for 924(c)(1)(A) purposes, possession of a firearm is in furtherance of a drug trafficking crime when it furthers, advances, or helps forward that offense. "Mere presence" of the weapon, by contrast, is not enough. Applying the Supreme Court decision in United States v. Bailey, 133 L.Ed.2d 472, 116 S. Ct. 501 (1995) the inert presence of a firearm, without more, is not enough to trigger 924(c)(1). A defendant cannot be charged under 924(c)(1) merely for storing a weapon near drugs or drug proceeds. Storage of a firearm, without its more active employment, is not reasonably distinguishable from possession. In United States v. Dickey 102 F.3d 157, (5th Cir. 1996) the court vacated his convictions under 924(c)(1) because there was no evidence that the firearms found in the defendant's home were used in the drug trade. According to caselaw provided and the evidence of the case, Defendant Tsatenawa is actually and factually innocent of count 5, 924(c)(1), and request that the conviction be vacated.